FERROCARRILES DEL ESTE, demandante y apelada, *v.* JOSÉ TORO RÍOS Y LUCÍA GUZMÁN, sustituídos por THE FAJARDO SUGAR GROWERS' ASSN. y CENTRAL PASTO VIEJO INC., demandados y apelantes.

No. 4801.—*Sometido:* Febrero 7, 1929. *Resuelto:* Julio 16, 1929.

*R. Cuevas Zequeira,* abogado de la apelante Fajardo Sugar Growers' Assn.; *González Fagundo & González, Jr.,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Después de haber sostenido un criterio contrario, la Corte de Distrito de Humacao, a virtud de una moción de reconsideración, declaró sin lugar una excepción previa a una demanda de expropiación forzosa. Al tomar esta acción la corte de distrito, los demandados mantuvieron su excepción previa, y se dictó sentencia a favor de la demandante. En apelación se señalan y discuten conjuntamente dos errores.

La demandante obtuvo una declaración de utilidad pública del Consejo Ejecutivo de Puerto Rico. Los apelantes sostienen que si bien el Consejo Ejecutivo anterior tenía facultad para librar tal declaración, la Carta Orgánica lo privó de ella y la transfirió o confirió a la Comisión de Servicio Público.

Con o sin las autoridades citadas por los apelantes, estamos del todo convencidos de que en la expropiación forzosa de una propiedad para fines de utilidad pública, la ley que autoriza tal expropiación debe seguirse estrictamente, aunque no tan estrictamente que se destruya el propósito evidente del legislador. 20 C. J. 533, *et seq.*

Los procedimientos de expropiación forzosa fueron autorizados por leyes aprobadas en 1903 y 1908. De acuerdo con las mismas, el Consejo Ejecutivo, tal como estaba constituído en aquel entonces, hacía las declaraciones de utilidad pública. Por la Carta Orgánica de 1917, los poderes legislativos de dicho Consejo Ejecutivo fueron transferidos al Senado de Puerto Rico. Ciertos poderes, y especialmente la concesión de franquicias, fueron conferidos a la Comisión de Servicio

Público. Otros que hasta aquella fecha habían sido expresamente otorgados por la Legislatura de Puerto Rico a dicho Consejo Ejecutivo, no fueron mencionados para nada en la aludida Carta Orgánica.

En la nueva Carta Orgánica se hace mención de un Consejo Ejecutivo, pero las personas o funcionarios que lo componen son diferentes, y los poderes conferídosle son en verdad tan distintos que no puede haber duda alguna de que el Consejo Ejecutivo creado por la Ley Foraker en 1900 dejó de existir en absoluto.

La Corte de Distrito de Humacao, al considerar primeramente las dos leyes orgánicas, muy propiamente resolvió que el poder de conceder franquicias había sido transferido del antiguo Consejo Ejecutivo a la Comisión de Servicio Público. La corte dedujo de este hecho que la declaración de utilidad pública en este caso debía hacerse por la Comisión de Servicio Público. Cuando al presentarse una moción de reconsideración, se llamó la atención de la corte hacia la ley local de noviembre 17, 1917, la corte varió su decisión. Esa ley confirió al nuevo Consejo Ejecutivo todos los poderes no legislativos que habían sido previamente otorgados al antiguo Consejo Ejecutivo, salvo, necesariamente, cualesquier poderes conferidos a la Comisión de Servicio Público por la nueva Ley Orgánica.

En ausencia de una disposición específica en sentido contrario en la Carta Orgánica, la reglamentación que ha de hacerse en procedimientos de expropiación forzosa corresponde a la Legislatura de Puerto Rico. La facultad de hacer declaraciones de utilidad pública fué conferida al antiguo Consejo Ejecutivo no por la Ley Foraker, sino por la Legislatura.

En forma similar, el derecho conferido al nuevo Consejo Ejecutivo de hacer declaraciones de utilidad pública, procede de la Legislatura. El punto sobre el cual debe hacerse hincapié es que el derecho de expropiación forzosa es un

derecho legislativo general. Ambas leyes orgánicas guardan silencio respecto a esta rama del poder gubernamental, pero el derecho a ejercerlo emana de los poderes legislativos generales. *Ponce Lighter Co.* v. *Municipio de Ponce,* 19 D. P.R. 760; *El Pueblo* v. *Neagle,* 21 D.P.R. 356. Por consiguiente, el actual Consejo Ejecutivo tiene todas las facultades que tenía el antiguo, a excepción de aquéllas expresamente derogadas por la Carta Orgánica otorgada por el Congreso.

■ Como en este caso se trata de una franquicia pública, ¿podría tal vez decirse que todos los aspectos de la franquicia deben ser considerados por la Comisión de Servicio Público? Es evidente a nuestro criterio que la concesión de una franquicia pública es una cosa y la expropiación de terrenos privados para fines públicos es otra. Una franquicia puede incluir, y generalmente incluye, el derecho a expropiar terrenos, pero el procedimiento a seguir al incautarse de bienes privados debe ser determinado por la Legislatura. Nada descubrimos en la Carta Orgánica que confiera a la Comisión de Servicio Público el derecho a determinar el procedimiento a seguir en casos de expropiación forzosa, y la dicha Comisión, por lo menos en este caso, no ha tratado de ejercer esa facultad. Según indica la apelada, una cosa es hacer una declaración general de utilidad pública, y otra es decir que determinado terreno debe ser expropiado para uso público. Sería absurdo suponer que la Comisión de Servicio Público, tal como está constituída, deba intervenir en la expropiación forzosa de tierras privadas de ciudadanos particulares. Su derecho está limitado a concesiones generales.

■ Los apelantes insisten entonces en que la declaración del Consejo Ejecutivo era insuficiente. Admiten que los bienes a ser expropiados fueron suficientemente descritos en la declaración hecha por el Consejo Ejecutivo, pero insisten en que dicho Consejo debió haber hecho una declaración general. Esta declaración general quizá pudo haber estado

envuelta indirectamente en la concesión de la franquicia, pero fué directamente hecha por la franquicia, a la que el Consejo Ejecutivo hizo referencia específica. Evidentemente, la teoría de los apelantes es que todo el procedimiento debe efectuarse bien en la Comisión de Servicio Público o en el Consejo Ejecutivo, pero la labor es claramente susceptible de división. La declaración de utilidad pública respecto a los terrenos expropiados estaba contenida en la resolución aprobada por el Consejo Ejecutivo, y no era un mero preámbulo de ella, como mantienen los apelantes.

Convenimos con la apelada en que de acuerdo con la ley o leyes existentes, una persona particular en este caso podría obtener el derecho de expropiación forzosa, y que ese derecho no pertenecía exclusivamente al Comisionado del Interior, aunque el mismo le fué conferido anteriormente.

Antonio Roig obtuvo originalmente la franquicia, y la transfirió a la "Corporación Ferrocarriles del Este," demandante en este caso. La parte apelante sostiene que el derecho de expropiación forzosa no puede ser transferido, y está en lo cierto. Sin embargo, una transferencia de la franquicia puede efectuarse, y se efectuó, y cuando esta transferencia, según se alega en la demanda, fué aprobada por la Comisión de Servicio Público, el derecho a expropiar acompañó la aprobación. Era equivalente a una nueva autoridad.

Igualmente, estamos de acuerdo con la apelada en que la oferta de pago hecha por el concesionario original de la franquicia recaería sobre su concesionario.

*Debe confirmarse la sentencia apelada.*